UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Stratasys, Inc.,                                                      Civil No. 06-5131(PAM/JSM)

        Plaintiff,

v.                                                           **MEMORANDUM AND ORDER**

Charles J. Kennedy and Equipment
Service Professionals, L.L.C.,

        Defendants.

_____

This matter is before the Court on Defendants' Motion to Dismiss or Transfer Venue and Plaintiff's Motion to Strike. For the reasons that follow, the Motions are denied.

**BACKGROUND**

Plaintiff Stratasys, Inc. ("Stratasys") is a Delaware corporation with its principal place of business in Eden Prairie, Minnesota. Defendant Charles J. Kennedy is a Michigan resident, and under the laws of Michigan, he formed Defendant Equipment Service Professionals, L.L.C. (ESP) in 2006. Kennedy was employed by Stratasys from March 29, 2004, until November 3, 2006. Stratasys claims that after voluntarily terminating his employment with Stratasys, Kennedy breached a confidential information agreement when he rendered services to organizations in direct competition with Stratasys. On December 29, 2006, Stratasys sued Defendants for breach of contract, tortious interference with the agreement, and tortious interference with employment relationships of Stratasys.

Defendants brought a Motion to Dismiss based on lack of personal jurisdiction over

both Kennedy and ESP. In the alternative, Defendants argue that venue is improper and request that this case be transferred to the Eastern District of Michigan.

**DISCUSSION**

**A.     Personal Jurisdiction**

This Court may exercise personal jurisdiction over Defendants if (1) Minnesota's long-arm statute, Minn. Stat. § 543.19, is satisfied; and (2) the exercise of personal jurisdiction does not offend due process. Digi-Tel Holdings, Inc. v. Proteq Telecomm. Ltd., 89 F.3d 519, 522 (8th Cir. 1996). Because Minnesota's long-arm statute extends the personal jurisdiction of Minnesota courts as far as due process allows, see, e.g., In re Minn. Asbestos Litig., 552 N.W.2d 242, 246 (Minn. 1996), the Court need only evaluate whether the exercise of personal jurisdiction comports with the requirements of due process. See Guinness Import Co. v. Mark VII Distribs. Inc., 153 F.3d 607, 614 (8th Cir. 1998).

Due process requires that the defendant has "certain minimum contacts" with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (citation omitted). Certain minimum contacts will exist when the "defendant's conduct and connection with the forum state are such that [it] should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). The defendant's contacts must have arisen as a result of "some act by which the defendant purposefully avails itself of the privilege of conducting activities with the forum State, thus invoking the benefits and protections of its laws." Hanson v. Denkla, 357 U.S. 235, 253

(1958). To determine whether there are sufficient minimum contacts with Minnesota, a court looks to five factors: (1) the nature and quality of the contacts, (2) the quantity of the contacts, (3) the relation between the contacts and the action, (4) the forum state's interest in the litigation, and (5) the convenience of the parties. Epps v. Stewart Info. Servs. Corp., 327 F.3d 642, 648 (8th Cir. 2003).

Defendant Kennedy is a resident of Michigan, and ESP is located in Michigan. Defendants contend that ESP does not have any contacts with Minnesota, nor does it do business here. However, Stratasys is a Minnesota-based corporation. While employed at Stratasys, Kennedy reported to a supervisor in Minnesota and had regular contact with other Stratasys employees, all of whom work in Minnesota. Kennedy served as a Customer Support Engineer, and Minnesota was in his territory. The affidavit of James B. Nelson, Kennedy's former supervisor, shows that Kennedy served customers in Minnesota during his employment with Stratasys. During the course of his employment with Stratasys, Kennedy visited Minnesota many times, twenty-eight days in total. In a case with similar facts, the court found that the quantity of the defendant's contacts with Minnesota favored a finding that it had jurisdiction over the defendant. West Publishing Corp. v. Stanley, No. Civ. 03-5832, 2004 WL 73590, at *4-5 (D. Minn. Jan. 7, 2004) (Tunheim, J.)

Regarding ESP, ESP is Kennedy's company; Kennedy is ESP. According to the record before the Court, Kennedy is the founder and sole member of ESP. In addition, Kennedy formed ESP for the purpose of competing with Stratasys with the confidential information he obtained from Stratasys. But for the knowledge that Kennedy gained as a

Stratasys employee, there would be no ESP. Kennedy and ESP have solicited and conducted business in Minnesota in direct competition with Stratasys.

In conclusion, Kennedy clearly has sufficient minimum contacts with Minnesota to exert personal jurisdiction over him. Additionally, because Kennedy and ESP are essentially one and the same, and because ESP reaches out to Minnesota businesses through the Internet to directly compete with Stratasys, minimum contacts are satisfied for this Defendant as well.

**B.    Venue**

Venue is proper in Minnesota if "a substantial part of the events or omissions giving rise to the claim occurred" here. 28 U.S.C. 1391(a)(2). When deciding if venue is proper, the Court must determine whether the chosen venue has a "substantial connection to [the plaintiff's] claims, whether or not other forums have greater contacts." Setco Enter. Corp. v. Robbins, 19 F.3d 1278, 1281 (8th Cir. 1994). For the reasons related to personal jurisdiction, Minnesota is substantially connected to Plaintiff's claims.

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C § 1404(a). "The party seeking transfer bears the heavy burden of showing that the balance of factors strongly favors the movant." United Mortgage Corp. v. Plaza Mortgage Corp., 853 F. Supp. 311, 315 (D. Minn. 1994) (Doty, J.) (citation omitted) (emphasis in original). There is a general presumption favoring a plaintiff's choice of forum, but that choice is given significantly less deference when either the plaintiff does not reside in the forum or the underlying facts did not occur there. Nelson v. Soo Line R.R. Co., 58

F.Supp. 2d 1023, 1026 (D. Minn. 1999) (Doty, J.) (citations omitted). In deciding whether to transfer venue pursuant to 28 U.S.C.§ 1404(a), a court must consider: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice. Terra Int'l Inc. v. Miss. Chem. Corp., 119 F.3d 688, 691 (8th Cir. 1997).

Stratasys is a Minnesota-based corporation. Transfer should not be granted merely to shift the inconvenience to the party resisting transfer. Graff v. Qwest Commc'ns Corp., 33 F. Supp. 2d 1117, 1121 (D. Minn. 1999) (Doty, J.) (citing Van Dusen v. Barrack, 376 U.S. 612, 646 (1964)). Moreover, aside from Kennedy, all of the witnesses and documents are located in Minnesota, and Defendants have not identified a single non-party witness who would be inconvenienced by retaining venue. Finally, because this action requires the application of Minnesota law, the interest-of-justice factor favors keeping this action here. Accordingly, the Court finds that venue is proper in Minnesota.

**C.     Failure to State a Claim**

In the caption of their Motion to Dismiss, Defendants purport to seek dismissal for failure to state a claim upon which relief can be granted. However, Defendants did not address this issue at all in their memorandum. Defendants attempted to address this issue in their reply, but the Court will not entertain new grounds for dismissal in a reply.

**CONCLUSION**

Kennedy and ESP have sufficient minimum contacts with Minnesota, and thus, this Court has personal jurisdiction over Defendants. Further, venue is proper here because the claims have a substantial connection with Minnesota, and a transfer of venue does not

strongly favor Defendants.  Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion to Dismiss or, in the Alternative, to Transfer Venue to the Eastern District of Michigan (Docket No. 3) is **DENIED**; and

2. Plaintiff's Motion to Strike (Docket No. 19) is **DENIED**. as moot.


Dated: April 12, 2007

 s/ Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge